```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

JUSTIN K. GAOUETTE,            )
    Petitioner,             )
                            )
        v.                  )   C.A. No. 07-12202-MLW
                            )
STEVEN O'BRIEN,                )
    Respondent.             )

## MEMORANDUM AND ORDER

WOLF, D.J.                                        December 20, 2010

Petitioner Justin Gaouette was convicted in Massachusetts Superior Court of second degree murder, armed assault with intent to murder, assault and battery with a dangerous weapon, unlawful possession of a firearm, unlawful possession of ammunition, and receiving stolen property worth more than $250. He was sentenced to life in prison. On November 6, 2007, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.

On February 5, 2008, respondent Steven O'Brien moved to dismiss the petition on the grounds that petitioner had failed to exhaust any of his four claims as required by 28 U.S.C. §2254(b)(1). In an August 28, 2008 Memorandum and Order, the court found that all of petitioner's claims are unexhausted. The court found that petitioner's three ineffective assistance of counsel claims are unexhausted because they were not included in petitioner's Application for Further Appellate Review ("ALOFAR") submitted to the Massachusetts Supreme Judicial Court ("SJC"). The court found that petitioner's claim challenging the trial court's refusal to give a voluntary manslaughter instruction was included

in the ALOFAR but is unexhausted because the ALOFAR did not "fairly present" any federal basis for this claim to the SJC. See Baldwin v. Reese, 541 U.S. 27, 29 (2004). However, the court denied respondent's motion to dismiss without prejudice, in order to afford petitioner an opportunity to show that a stay, rather than a dismissal, of his petition is appropriate.

A stay would permit petitioner to return to state court to exhaust his claims and then return to federal court to pursue his habeas claims. The Supreme Court has explained that a stay "should be available only in limited circumstances." Rhines v. Weber, 544 U.S. 269, 277 (2005). Specifically, a stay is only appropriate where the petitioner shows that "there was 'good cause' for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." Josselyn v. Dennehy, 475 F.3d 1, 4 (1st Cir. 2007) (quoting Rhines, 544 U.S. at 278).

Here, a stay is inappropriate because the court finds that petitioner has not shown good cause for failing to exhaust his claims in state court.[1] Essentially, petitioner argues that his appellate counsel was ineffective in failing to properly include or present petitioner's claims in the ALOFAR. That failure does not

---

[1] Because the court finds that petitioner has not shown good cause for failing to exhaust his claims in state court, it does not consider whether petitioner's claims are potentially meritorious or whether petitioner has engaged in intentionally dilatory litigation tactics. See Rhines, 544 U.S. at 278.

2

constitute good cause. If it was the product of strategic decision making by petitioner's appellate counsel, the First Circuit has held that "the intentional decision to omit some claims from the ALOFAR cannot amount to good cause [for a stay]." Clements v. Maloney, 485 F.3d 158, 170 (1st Cir. 2007). If, instead, it was the product of ignorance or inadvertence, the First Circuit has held that an attorney's "[i]gnorance of the law does not constitute good cause," Josselyn, 475 F.3d at 5, and a court of this district has rightly held that "[t]here is no substantive difference between error due to ignorance and error due to inadvertence," O'Brian v. St. Amand, C.A. No. 07-11842-GAO, 2008 WL 2986501, at *1 (D. Mass. July 31, 2008) (finding that appellate counsel's error did not constitute good cause for petitioner's failure to exhaust claims); see also Ortiz v. Brady, 538 F. Supp. 2d 361, 365 (D. Mass. 2008). In short, petitioner has offered no basis on which the court could find good cause for his failure to exhaust his claims in state court.

Accordingly, because petitioner has not met Rhines' requirements for a stay, it is hereby ORDERED that his petition for a writ of habeas corpus is DISMISSED without prejudice.

    /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE